**So Ordered.**

Dated: January 29th, 2025

Frederick P. Corbit
Bankruptcy Judge

METINER G. KIMEL – WSBA 21280
KIMEL LAW OFFICES
205 N. 40th Ave., Suite 205
Yakima, WA 98902
Telephone: (509) 452-1115
Counsel for the Debtor in Possession

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re | Case No. 24-00904 |
| Stone Masters Inc. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW WITH REGARD TO THE DEBTOR'S AMENDED SUB CHAPTER V PLAN OF REORGANIZATION, AS MODIFIED** |
| Debtor. | |
| | **[11 U.S.C. §§ 1191, 1129]** |
| | <u>**Confirmation Hearing:**</u> |
| | DATE: January 28, 2025<br>TIME: 1:30 p.m.<br>PLACE: ZOOM |

The matter of the hearing on confirmation of the Debtor's First Amended Plan of Reorganization, As Modified in the case of <u>In re Stone Masters, Inc.</u>, Case No. 24-00904 came before the Honorable Fredrick P Corbit on January 28, 2025 at 1:30 p.m.. Metiner G. Kimel

appeared as counsel for the Stone Master Inc., the debtor and debtor in possession (referred to hereafter as the "Debtor"). Other appearances are as noted in the record.

At the time of the hearing on confirmation of the Plan, the following papers, declarations and documents shall be before this Court:

| Exhibit | Name of Document | Docket no. |
|---|---|---|
| 1 | Debtor's First Amended Sub Chapter V Plan Of Reorganization (the "Plan") | 86 |
| 2 | Certificate of Mailing of Cynthia Kimel regarding mailing of the Plan with Exhibits 1-3, the List Classifying Claims and Interests, the Notice of Proposed Order Setting confirmation Hearing and Related Deadlines, Notice of Confirmation Hearing and Deadlines for filing Objection to the Plan, and Ballots of Voting (the "Plan Package Proof Of Service") filed with the Court on 12/02/24 | 88 |
| 3 | Notice of Proposed Order Setting Confirmation Hearing and Related deadlines; Notice of Confirmation Hearing and Deadlines For Filing Objection to Plan and Ballots For Voting | 87 |
| 4 | The Order Setting Confirmation Hearing and Related Deadlines (the "Confirmation Hearing Order") | 85 |
| 5 | Certificate of Mailing of Cynthia Kimel regarding mailing of Order Setting Confirmation Hearing and Related Deadlines | 90 |
| 6 | List Classifying Claims and Interests | 93 |
| 7 | Official Local Form 3018C - Ballot | n/a |
| 8 | Report of Balloting, including the Ballot Summary | 95 |
| 9 | Objection to Confirmation of Plan filed by Stephen Uplinger | 92 |
|  | Motion to Authorize Pre-confirmation modification of the Plan | 97 |
| 10 | Withdrawal of Objection to Confirmation of Plan by Stephen | 100 |

| | | |
|---|---|---|
| | Uplinger | |
| 11 | Debtor's First Amended Sub Chapter V Plan Of Reorganization as modified (the "Plan") | 101 |
| 12 | Memorandum of Points and Authorities in Support of Confirmation of the First Amended Sub Chapter V Plan Of Reorganization (the "Confirmation Brief") | 104 |
| 13 | The Declaration of Cam McNeill in Support of Confirmation of Debtor's First Amended Chapter 11 Plan Of Reorganization | 102 |
| 14 | The Declaration of Metiner G Kimel in Support of Confirmation of Debtor's First Amended Chapter 11 Plan Of Reorganization (the "Kimel Declaration") | 103 |
| 15 | Proposed order Confirming the Plan | |
| | Proposed Findings and Conclusions | |

Based upon the above reference pleadings, all additional pleadings filed in the case, and the testimony provided to the Court at the hearing on Confirmation, the Court now makes the following findings and conclusions:

1. Plan complies with Sections 1122 and 1123 of the Bankruptcy Code governing classification and contents of a plan in that the Plan appropriately places claims in the same class only if the claims are substantially similar to other claims or interests in the class.

2. Article III of the Plan designates the classification of claims and interests as required under Code §1123(a)(1).

3. Article IV of the Plan designates the classes of claims which are not impaired by the Plan in accordance with § 1123(a)(2).

4. Article IV of the Plan specifies the treatment afforded to each of the impaired classes of claims and interests under the Plan in accordance with the requirements of Section 1123(a)(3).

5. The Plan provides the same treatment for each claim or interest of a particular class unless the holder of a particular claim or interest agrees to a less favorable treatment of such claim or interest. Since all members of each class are treated equally with respect to their class, the Plan satisfies this requirement.

6. As required by Section 1123(a)(5) requires that the Plan provide adequate means for its implementation. The means of implementation of the Plan are described in detail in Articles IV, VI, VII and VIII of the Plan and satisfy the requirements of Section 1123(a)(5) by providing for, among other things, (i) a method for funding payments to be made on account of Allowed Claims; (ii) provisions for the distribution of property under the Plan; (iii) resolution of Disputed Claims; and (iv) a method for distribution of payments to Allowed Claims. Accordingly, the provisions for implementation of the Plan satisfy § 1123(a)(5).

7. Here, the Debtor is a corporation that has issued only a single class of stock. The Plan does not contemplate the issuance of any type of equity interest, nor does it contemplate the either the transfer of all or any part of the property of the estate to one or more entities, whether organized before or after the confirmation of the Plan or the merger or consolidation of the Debtor with one or more persons. Based on the Declaration of Cam McNeill, submitted in support of Confirmation of the Plan, the Debtor will be amending its corporate charter to prohibit the issuance of nonvoting equity security. As the Debtor otherwise has only a single class of stock, the Debtor submits that the remaining provisions of §1123(a)(6) the requirements of §1123(a)(6) are or will be satisfied under the circumstances of the Case.

8. As the Plan contains no provisions altering the process of selection of officers, directors and Trustees, and as the original provisions of the Debtors Articles of Incorporation and by-laws comply with Washington corporation law, the Plan satisfies § 1123(a)(7) of the Code.

9. Because the Plan satisfies the requirements of 11 U.S.C. §§ 1122 and 1123, the Plan complies with the provisions of 11 U.S.C. § 1129(a)(1).

10. Here the Court has not issued an order making 11 U.S.C. § 1125 applicable to the Case and so no disclosure statement was prepared in connection with the Plan. Nevertheless, the Debtor believes it has complied satisfied the requirements of Code § 1129(a)(2), as on September

3, 2024 the Debtor filed its initial plan with the court, filed its First Amended Plan with the Court on 12/2/24 which contains information regarding the historical information regarding the Debtor's business and disclosure regarding the Debtors assets as of the Petition Date.

11. On November 27, 2024 the Debtor sent via first class US mail the Plan with Exhibits 1-3, the List Classifying Claims and Interests, November 27, 2024 the Debtor sent via first class US mail the Plan with Exhibits 1-3, the List Classifying Claims and Interests, the Notice of Proposed Order Setting confirmation Hearing and Related Deadlines, the Notice of Confirmation Hearing and Deadlines for filing Objection to the Plan, and a Ballot to use for Voting on the Plan., and a Ballot to use for Voting on the Plan to all parties listed on the Master Mailing List.

12. On December 3, 2024, the Plan with Exhibits 1-3 November 27, 2024 the Debtor filed the Plan with Exhibits 1-3, the Notice of Proposed Order Setting confirmation Hearing and Related Deadlines, the Notice of Confirmation Hearing and Deadlines for filing Objection to the Plan with the Court.

13. After the Court entered the Order Setting confirmation Hearing and Related Deadlines on November 27, 2024, the Debtor then sent this order to all parties listed on the Master Mailing List. On December 3,2024.

14. The Plan satisfies the requirements of Code § 1129(a)(2) that the proponent of the Plan complied with the applicable provisions of Chapter 11.

15. Except for Class 8, all non-insider impaired classes which have voted, have in fact voted to accept the Plan. Based upon the vote by creditors the Court determines that the Plan is fundamentally fair and proposed in good faith. The Court finds that Stephen Uplinger's objection to the Plan has been withdrawn [Docket No. 100]. Thus, in accordance with Bankruptcy Rule 3020, the Court determines that the Plan was proposed in good faith and not by any means forbidden by law and thereby satisfies the requirements of 11 U.S.C. §1129(a)(3).

16. The Plan allows for payment of administrative expenses of the kind specified in 11 U.S.C. § 507(a)(1), which includes compensation awarded by the Court to professional persons. Article VII, section. F of the Plan provides that each professional Person or firm retained with approval by order of the Bankruptcy Court or requesting compensation in the Case pursuant to

section 330 or 503(b) of the Bankruptcy Code shall be required to file an application for an allowance of final compensation and reimbursement of expenses in the Case incurred through the Confirmation Date. These procedures for the Court's review and ultimate determination of the fees and expenses to be paid by the Debtors' estate satisfy the objectives of Section 1129(a)(4).

17. Section 1129(a)(5) is satisfied in this case as the Section I paragraph 45 identifies who are the insiders of the Debtor for purposes of the Plan, Section I paragraph 55 identifies Cam and Susan McNeill as the Management of the Debtor as well as the 100% Shareholders classified as holding the Class 9 equity interests, and discloses in Section IV of the Plan discloses that Management will perform the day-to-day management of the Debtors business.

18. Section 1129(a)(6) is inapplicable in that no such regulatory approval is required in the Case.

19. The best interest test applies only to non-accepting impaired claims or interests. Under the Plan, claims in Classes 1 and 9 are unimpaired, and therefore the "best interest" test is deemed satisfied with respect to such claims an interests. Additionally, the creditors in Class 2.1, 3, and 4 have voted to accept the Plan.

20. Classes 5, 6, and 7 have not voted in connection with the Plan, and accordingly must retain under the Plan property of a value that is not less than what such holder would receive or retain if the Debtor were liquidated under Chapter 7. Class 8 has voted against the Plan and will be paid all of the Debtor's disposable income, as that term is defined under Code § 1191(d)(2).

21. As established by the Liquidation Alternative to the Plan attached as Exhibit "3" Plan, in a Chapter 7 liquidation the holders of the Class 8 Claims would likely receive $0.00 on their claims. Under the Plan, while the holders of Class 8 Claims may also receive a 0% distribution on their claims, they are also supposed to receive all of the Debtor's future disposable income during the five year term of the Plan.

22. Accordingly, as all Classes have either accepted or are deemed to have accepted the Plan, or are receiving under the Plan the same distribution that they would receive in a Chapter 7 liquidation, the "best interests" test set forth in Section 1129(a)(7) has been satisfied.

23. 11 U.S.C. § 1129(a)(8) requires that, with respect to each class of claims or interests, such class of claims or interests has accepted the plan, or such class is not impaired under the plan. There are eight classes of Creditors established by the Plan. Under the Plan, holders of Allowed Class 1 is unimpaired and therefore, pursuant to Bankruptcy Code § 1126(f) is deemed to have accepted the Plan. The Report of Balloting setting forth a tally of the ballots cast with respect to the Plan by the remaining classes established by the Plan discloses that these classes have voted as follows:

    Class 1 – Allowed Secured Claims for Property Taxes. This class is designated as impaired under the Plan. There were no know creditors within this Class, and no Claims were filed by taxing agencies. There were no ballots received by holders of Class 1 Claims.

    Class 3 – The Allowed Secured Claim of Banner Bank. This class is impaired by the Plan. One ballot was received from holder of the Class 3 Claim. Banner Bank, the holder of the Class 3 Claim has voted to accept the Plan.

    Class 4 – The Secured Claim of Strategic Funding Source, Inc. d/b/a Kapitus. This class is impaired by the Plan. Strategic the holder of the Class 4 Claim has voted to accept the Plan.

    Class 5 – The Allowed Secured Claims of Kubota. This class is impaired by the Plan. No ballots were received from holder of the Class 5 Claim.

    Class 6 – The Allowed Secured Claims of SBA. This class is impaired by the Plan. No ballots were received from holder of the Class 6 Claim.

    Class 7 – The Allowed Secured Claims of Toyota. This class is impaired by the Plan. No ballots were received from holder of the Class 7 Claim.

    Class 8 – General Unsecured Claims. This class is impaired by the Plan. Steven Wilfong voted against of the Plan. Stephen Uplinger voted in favor of the Plan [Docket No. 103, Exh. 2]. As not more than 50% of the votes were in favor, and less than two-thirds in the amount of claim voted in favor, Class 8 has voted to reject the Plan.

Thus, less than all Classes entitled to vote on the on the Plan, which did vote on the Plan, have voted to support the Plan.

Class 2.1 – Allowed Code § 507(a)(7) Priority Claims. This class is impaired by the Plan. One ballot was received from the holder of the of a Class 2.1 Claim. Stephen Uplinger has voted to accept the Plan. Class 2.1 has voted 100% in favor of the Plan.

Class 2 of Plan provides that all priority tax claims, will be paid in full in monthly installments to be completed withing the five year term of the Plan. Accordingly, the Plan satisfies the requirements of Section 1129(a)(9).

24. As established by the Summary of Ballots [Docket No. 283], the acceptance by both Class 2.1, 3 and Class 4, was determined without including any acceptances of the Plan by any insider. Accordingly, the Plan satisfies §1129(a)(10).

25. As established by the financial projections included as Exhibit "2" to the Plan and the Declarations of Cam McNeill, the Debtor will be able to service all of its obligations under the Plan as they come due and therefore the Plan satisfies §1129(a)(11).

26. Section 1129(a)(12) has been complied with in that the filing fee for the Case has been paid and the requirement to pay UST fees is not applicable in a SubChapter V Case.

27. Section 1129(a)(13) is inapplicable in this case, as the Debtor does not, and has not in the past, provided such "retiree benefits" as that term is defined in Bankruptcy Code § 1114.

28. As the Debtor is not subject to any order requiring the Debtor to pay any domestic support obligations, § 1129(a)(14) is inapplicable to the Debtor's case.

29. As the debtor is not an individual, 11 U.S.C. § 1129(a)(15) is inapplicable to the Debtor's case.

30. There are no transfers contemplated by the Plan which would not be in compliance with applicable nonbankruptcy law. Accordingly, the Debtor submits that the Plan satisfies the requirements of § 1129(a)(16).

31. Classes 1, 3, 4, 5, 6, and 7 are secured claims. The treatment of each of those classes provide that any such holder shall retain their lien against the property which secures their claims.

32. With regard to Class 1, there has been no proof of claim filed by a holder of a secured claims for property taxes. The Debtor's Plan and projections which are provide as Exhibit

"2' to the Disclosure Statement provide for payment of property taxes claims in the ordinary course of its business for all real properties which are in its possession. The Court finds the Plan fair and equitable under §1129(b)(2)(A) as to holders of Class 1 Claims.

33. Banner Bank, the holder of the secured Allowed Class 3 Claim has voted in favor of the Plan. The Plan provides Banner Bank retains its lien against all its collateral as stated in the Banner Bank Loan documents. The Plan also provides that the Reorganized Debtor shall continue to be bound by and to comply with all terms of Banner Loan Documents, including the obligation to make required payments under the Banner Loan Documents. The Court finds the plan fair and equitable under §1129(b)(2)(A) as to the holder of Class 3 Claim.

34. Strategic/Kapitus, the holder of the secured Allowed Class 4 Claim has voted in favor of the Plan. The Plan provides Strategic retains its lien against all its collateral as stated in the Kapitus Loan documents. The Plan also provides that the Reorganized Debtor shall continue to be bound by and to comply with all terms of Kapitus Loan Documents, including the obligation to make required payments under the Kapitus Loan Documents. The Court finds the plan fair and equitable under §1129(b)(2)(A) as to the holder of Class 3 Claim.

35. The holders of the Class 5, 6, and 7 Claims will retain their liens against their collateral, and that they will be paid their Allowed Secured Claims with interest for the Class 5 at 9/5%, and for Claims 6 and 7 at 3.74%, until those Allowed Secured Claims are paid in full. The Court finds that this treatment of the Class 5, 6, and 7 Secured Claims are fair and equitable under §1129(b)(2)(A).

36. The plan provides that Allowed Class 8 claims, which are unsecured claims, will be paid the disposable income of the Debtor during the term of the Plan. The Court finds that the treatment of the Allowed Class 8 Claim is fair and equitable under Code §1191(b),(c) and (d).

37. Having found that the Plan is fair and equitable as to Classes, 5, 6, 7 and 8, the impaired classes which have not voted in favor of the Plan, the Court finds that the Plan satisfies the cram down requirements of Code §1191(b).

These shall constitute the findings of fact and conclusions of law of the Court in accordance with Federal Bankruptcy Rule of Procedure 7052.

Presented by
s/ Metiner G. Kimel
Counsel for the Debtor